# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MICHAEL CARSON,

                    Plaintiff,

v.

JOE HAIDER and 20TH STREET PROPERTIES,

                    Defendants.

Case No. 17-CV-302-JPS

**ORDER**

      The plaintiff has filed a *pro se* complaint alleging racial discrimination. (Docket #1). This matter comes before the Court on the plaintiff's petition to proceed *in forma pauperis*. (Docket #2). Notwithstanding the payment of any filing fee, the Court must dismiss a complaint if it raises claims that are "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

      A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke,* 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

      To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim

showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts, and his statement need only "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The plaintiff alleges that the defendants began discriminating against him on the basis of race in May 2016. (Docket #1 at 2). He claims that the defendant Joe Haider ("Haider"), his landlord, made statements indicating that he did not want to rent to black people, but instead preferred renting to young, white college students. *Id.* Haider "slowly forc[ed] black residents out completely." *Id.* The plaintiff couches his discrimination alleged in the federal Fair Housing Act. *Id.* at 3; 42 U.S.C. § 3601 *et seq*.

The Court has liberally construed his allegations, but nevertheless finds that the plaintiff's complaint fails to raise a viable claim for relief. His explanation of the defendants' discriminatory practices are generic. Other than vaguely referencing Haider's allegedly improper practices, the plaintiff gives no indication of what Haider did to the plaintiff himself, when it occurred, and what injury it caused. Though the bar for pleading facts is not high, it is also not illusory; the plaintiff has not pleaded much more than "labels and conclusions" which are insufficient to state a valid cause of action. *Iqbal*, 556 U.S. at 678.

The Court must strike the current complaint, but it will afford the plaintiff an opportunity to submit an amended complaint correcting the above-described defects. If the plaintiff wants to proceed, he must file an amended complaint on or before **March 27, 2017**. Failure to file an amended complaint within this time period may result in dismissal of this action. The plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The plaintiff is further advised that a successful complaint alleges "the who, what, when, where, and how: the first paragraph of any newspaper story." *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990).

Page 3 of 5

Case 2:17-cv-00302-JPS   Filed 03/06/17   Page 3 of 5   Document 3

The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998). In *Duda*, the Seventh Circuit emphasized that, in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" *Id.* at 1057 (citation omitted); *see also Pintado v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) ("As a general matter, '[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'") (quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006)). If an amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915(e)(2)(B).

On a final note, the Court will grant the plaintiff's motion to proceed *in forma pauperis*. (Docket #2). The privilege to proceed without payment of costs and fees "is reserved to the many truly impoverished litigants who…would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). The sworn statements in the plaintiff's motion show that he is unemployed and that his expenses match his income. (Docket #2). The plaintiff therefore qualifies as indigent and may proceed without prepaying the filing fee.

Accordingly,

**IT IS ORDERED** that the plaintiff's complaint (Docket #1) be and the same is hereby **STRICKEN**;

**IT IS FURTHER ORDERED** that the plaintiff shall file an amended complaint on or before **March 27, 2017**; and

**IT IS FURTHER ORDERED** that the plaintiff's motion to proceed *in forma pauperis* (Docket #2) be and the same is hereby **GRANTED**.

Dated at Milwaukee, Wisconsin, this 6th day of March, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge